**STATE of Missouri, Respondent,**

v.

**Doyle Howard MACE, Appellant.**

**No. 52624.**

Supreme Court of Missouri,
Division No. 1.

July 8, 1968.

jury, he was found guilty as charged. The court found that prior to this offense defendant had been convicted, sentenced, and imprisoned for another felony. Section 556.280. He was sentenced by the court to imprisonment in the custody of the Department of Corrections for a term of four years. Section 560.161(2). Defendant appeals. We affirm.

Briefly, the particulars of the charge are that on October 1, 1965, defendant stole one "Sony" brand tape recorder and one "Reed" brand pipe cutter from Glenn and Wayne Barclay, d/b/a United Rent-All in Springfield, Missouri, by renting these articles from the Barclay's and thereafter retaining them without their consent and with intent permanently to deprive the owners of the use thereof.

The issues relate to the sufficiency of the evidence to sustain the conviction and whether the court failed to instruct on all the law of the case.

On Friday, October 1, 1965, at about 2:15 P.M., defendant, representing himself as Glenn or G. L. Woods, rented from United Rent-All at 1027 South Glenstone in Springfield, Missouri, one Sony tape recorder, one Reed pipe cutter and binoculars. He signed a rental contract as G. L. Woods and gave his address as 1500 South Broadway. As further identification, he furnished the license number of his automobile (a white Cadillac sedan) as Missouri ZC9–991. He paid $6.69 as one day's rental charge in advance and, saying that he might keep the articles until Monday (October 4), promised to return them that day. Another man, unidentified, was with defendant during this transaction. Defendant failed to return or offer to return the articles. The tape recorder and pipe cutter have a combined value of in excess of $50. The pipe cutter was recovered October 13, from defendant's possession; the tape recorder and binoculars were recovered October 20, from one George Hopkins.

Norman H. Anderson, Atty. Gen., Jefferson City, Charles G. Hyler, Special Asst. Atty. Gen., Farmington, for respondent.

William A. Moon, Springfield, for appellant.

HENLEY, Presiding Judge.

By an information alleging one prior felony conviction defendant was charged with stealing property of the value of more than $50. Sections 560.156 and 560.161, RSMo 1959 and V.A.M.S.[1] Tried by a

[1]. All section references are to Revised Statutes of Missouri, 1959, and Vernon's Annotated Missouri Statutes.

When the articles had not been returned by the afternoon of October 4, Howard Spurlock, United's salesman who handled the rental transaction, tried to find defendant in Springfield, at the address given; he could not find defendant or that address. Mr. Spurlock testified that there is no such address in Springfield, that South Broadway dead-ends before it reaches that hundred; that he turned this and other information over to one of his employers, Glenn Barclay, who reported the facts to the police; that about a week later the police came out to United Rent-All and brought several photographs with them; that among these photographs he recognized one as being the man who had represented himself to be G. L. Woods, but whom he now knows to be the defendant, Doyle Mace; that he also learned at that time the name of the man who was with defendant when the articles were rented but that he " * * * can't recall it now * * *", that " * * * it's an odd name."

Glenn Barclay, one of the partners in United Rent-All, testified that when the rented articles were not returned as promised he, too, tried to find defendant and 1500 South Broadway, but found neither; that he checked the Springfield telephone and city directories for the names of Glenn Woods and G. L. Woods, in vain; that the automobile license number on the rental contract was not issued to Glenn or G. L. Woods; that he reported these and other facts pertaining to the rental transaction to the Springfield police on October 5 or 6; that the pipe cutter found in defendant's possession and the tape recorder later found in the possession of George Hopkins were the same articles rented to defendant on October 1, and were the property of United Rent-All.

Officer William Lloyd of the Springfield Police Department testified that he has known defendant, Doyle Mace, as long as he has been on the police force, over five years; that he has never known Mace " * * * to be called Glenn Woods" or "G. L. Woods"; that he stopped and arrested defendant in Springfield in the late afternoon of October 13; that defendant was driving a white Cadillac sedan bearing Missouri licence number YZ3–031; that he searched this automobile and found in its trunk the pipe cutter identified as the property of United Rent-All. Detective Paul Jones of the Springfield Police Department testified that he and Detective Robards went to Carl's Cafe in Springfield on October 20, in response to a call from Wayne Barclay; that there they met Mr. Barclay and George Hopkins, known to him as "Hoppy"; that while at the cafe, "Hoppy" turned over to the police the tape recorder of United Rent-All and a pair of binoculars (unidentified as to ownership); that he has never known defendant to live at 1500 South Broadway; that there is no such address in Springfield.

Mary Mace, wife of defendant, testified on behalf of defendant that on either the first or second Sunday in October, 1965, (October 3rd or 10th) she, her husband, and a man introduced to her by her husband as Glenn Wood, drove to Kansas City and left Mr. Wood at an address there in the fourteen, fifteen or sixteen hundred block of South Broadway; that before leaving Springfield they stopped at "Hoppy's place" for gasoline; that her husband got a Sony tape recorder and a pipe cutter out of the car trunk and gave them and $50 to "Hoppy"; that Mr. Wood furnished the $50; that the purpose in leaving the money with "Hoppy" was " * * * the rent was already overdue because he [her husband] forgot to take it back on Saturday and he wanted to be sure and have enough to cover the rent." George Hopkins testified on behalf of defendant that he has operated for several years in Springfield a business known as "Hoppy's Service Station"; that Doyle Mace is his customer and they have been friends for several years; that sometime during the first part of October, 1965, defendant, another man (unknown to witness) and defendant's wife stopped at his service station; that defendant left with him (Hopkins) a tape recorder and pipe

cutter and $50, stated that he was going out of town, and asked him to " * * * take this stuff back to a rent-all company * * on Glenstone * * * " and pay the rent; that he knew what rent-all company defendant had reference to, because it was owned by his friend, Wayne Barclay; that he promised to return these articles, but forgot until he heard that defendant had been arrested; that he then tried three or four times to reach Wayne Barclay to return the pipe cutter and tape recorder, but on learning Barclay was on vacation took the articles to his (Hopkins') home for safekeeping; that Barclay finally contacted him on the 20th and he told Barclay what had happened; that while they were drinking coffee in Carl's Cafe he tried to get Barclay to accept the articles and the rent due, but Barclay refused and called the police; that after talking further with Barclay and the officers at the cafe he went to his home, got the pipe cutter and tape recorder, returned to the cafe, and put them on the back seat of Barclay's car. Defendant did not testify.

Defendant contends in his first point that the court erred in overruling his motion for judgment of acquittal filed at the close of all the evidence, because the evidence was not sufficient to sustain a conviction. In this connection he asserts that the evidence against him was wholly circumstantial; that accepting as true all facts and circumstances shown by the state, those facts and circumstances are not inconsistent with his innocence; therefore, he says, the evidence is not sufficient to sustain the verdict. Defendant also asserts, in argument, that the state was required, but failed, to show " * * * that he took steps to convert the specific property * * * to his own use * * *." He cites the cases in footnote 2 as supporting his contention that the verdict cannot stand, because based wholly on circumstantial evidence not inconsistent with

innocence. We have read these cases; they express the well-established general rule to which he refers, but they do not aid him, because the facts in this case clearly are distinguishable from those in the cases to which he refers.

The evidence against defendant is not wholly circumstantial; the state showed by direct evidence that defendant rented these articles; that he promised to return them not more than three days later; that he failed to return them; that a part thereof (the pipe cutter, which his witness said defendant had placed in the hands of George Hopkins) was found thirteen days after rental in his (defendant's) possession, and another part thereof was found twenty days after rental in Hopkins' possession. Defendant does not seriously question this evidence; in fact he concedes, at least for the purpose of argument, that these are the facts. From this we conclude that what he really means (although he does not directly and specifically so state) is that the evidence on the element of *intent* to convert to his own use and deprive the owner thereof is wholly circumstantial.

The evidence on this element may be said to be circumstantial; but, of course, *intent* is a state of mind, involves the will, and is rarely, if ever, susceptible of direct proof. In cases such as this, the only method available to the state to prove intent is by inference arising from the existence of other facts proved, i. e., by defendant's acts, conduct or words. This question of defendant's intent is related also to a part of his second point, which we leave for later discussion.

■ We hold that the evidence is sufficient to sustain the conviction. The evidence supports a finding that defendant rented articles of a value in excess of $50 from United Rent-All, promised to return them not more than three days later and

2. State v. Stoner, Mo., 395 S.W.2d 192; State v. Walker, Mo., 365 S.W.2d 597; State v. Murphy, 356 Mo. 110, 201 S.W.2d 280; State v. Schrum, 347 Mo. 1060, 152 S.W.2d 17; State v. Tracy, 284 Mo. 619, 225 S.W. 1009; State v. Wolff, 337 Mo. 1007, 87 S.W.2d 436.

failed to do so; that at the time of the rental transaction he gave for identification purposes a false name and a false automobile license number; and, that although the rental contract did not specify in what city the address of 1500 South Broadway was to be found, he intended that United Rent-All understand that the city was Springfield, and he, therefore, gave a false address; that the pipe cutter was found in his possession at the time of his arrest, after he had allegedly put it (and other articles) in the hands of George Hopkins for return to United Rent-All; that it was not until seven days after his arrest that the tape recorder was recovered. From these facts the jury reasonably could have inferred that defendant intended to convert the rented articles to his own use and deprive the owner thereof. The court did not err in overruling his motion for judgment of acquittal. State v. Russell, Mo., 265 S.W.2d 379, 381 [3–5]; State v. Wishom, Mo., 416 S.W.2d 921, 926 [5].

Defendant's second point is that the court erred in failing to instruct on all the law of the case. More specifically this point is: (1) that the court should have given a circumstantial evidence instruction; and, (2) that the instructions given ignored his defense that at the time he rented these articles he intended merely to use and promptly to return them, and that it was the court's duty to instruct on this defense as a part of the law of the case whether or not requested.

■ The court did not err in not giving an instruction on circumstantial evidence, because the state does not rely wholly on circumstantial evidence; there is direct evidence of the offense charged. State v. Loston, Mo., 234 S.W.2d 535, 538 [7]; State v. Slay, Mo., 406 S.W.2d 575, 579 [3].

■ The second part of defendant's second point is not preserved for review, because not assigned as error in his motion for new trial, but we consider it, briefly, ex gratia. A simple answer to defendant's contention is that the court did instruct on

this defense. By instruction No. 5 the court told the jury that they should find defendant not guilty if they found "* * that at the time of the appropriation the defendant merely intended to use said tape recorder and pipe cutter and promptly return or discontinue his use of it * *." See § 560.156(3); State v. Gale, Mo., 322 S.W.2d 852, 856–857 [7, 8]. The court did not err as charged in defendant's second point.

Our examination of those matters we are required to review by Rule 28.02 V.A.M.R. discloses no error.

The judgment is affirmed.

All concur.