**STATE of Missouri, Respondent,**

v.

**Patricia Antoinette MISTAKIS, Appellant.**

No. 54017.

Supreme Court of Missouri,
Division No. 2.

July 14, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Patrick R. Faltico, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Lawrence O. Willbrand, St. Louis, for appellant.

STOCKARD, Commissioner.

A jury found Patricia Antoinette Mistakis guilty of stealing by deceit in violation of Section 560.156, RSMo 1959, V.A.M.S., and imposed a sentence of imprisonment for a term of three years. Defendant has appealed, and we affirm.

From the evidence a jury reasonably could find the occurrence of the following events. On August 5, 1967, a Saturday, the defendant rented for the weekend an Impala Chevrolet from Francis Auto Rental in St. Louis County. In support of her

request to rent the automobile, defendant presented a duplicate of a Missouri operator's license bearing the name of Mae G. Pagel which contained a description that reasonably could have been considered to have been of defendant. She also presented several credit cards, one being from Schneithorst's Restaurant bearing the name of John C. Pagel whom she represented to be her husband. Defendant signed the name Mae G. Pagel to the rental agreement and paid a deposit of $30, and the automobile was turned over to her. She was to return the automobile by nine o'clock the following Monday morning. When it was not returned, the manager of Francis Auto Rental notified the police after talking to Mrs. Mae G. Pagel whom he located by telephone and who told him that she had not rented the automobile.

On August 11, Police Sergeant Morrisey arrested Michael D. Sewell on Forsyth Boulevard in St. Louis County after he had walked away from the Impala Chevrolet which had been rented to defendant on August 5. The automobile was later returned to Francis Auto Rental.

On August 22, Police Officer John Schmidt arrested defendant for speeding, and after a check, apparently by radio, he learned that she was wanted by the police "for an accident." Later, when searched, the police found on her person the duplicate operator's license bearing the name of Mae G. Pagel, the Schneithorst's credit card and a credit card from Goldie's Department Store each bearing the name of John G. Pagel, and a "record account" at the Brentwood Bank bearing the name of John and Mae Pagel.

Mr. John G. Pagel testified that the latter part of July or the first of August he had lost his billfold containing the cards referred to and the record account from the bank. Both he and Mrs. Pagel testified that they did not know defendant and had not given her permission to use the credit cards or to rent an automobile.

Although defendant does not now challenge the sufficiency of her identification, she testified that she had never been to the Francis Auto Rental, that she did not rent the Impala Chevrolet on August 5 and did not sign the rental agreement by using the name of Mae G. Pagel, and that she had never before seen the employees of Francis Auto Rental who previously had testified that she was the person who was at Francis Auto Rental and rented the automobile on August 5. She also testified that she did not know Michael Sewell in whose possession the automobile had been found.

Defendant contends that the trial court erred in refusing her motion for judgment of acquittal because the state "failed to adduce a prima facie or submissible case as charged in the information." From the argument we find that defendant's contention is that the evidence shows that she rented the automobile and for that reason she had a right to take it with her, that "the only time that the defendant purportedly had possession of the automobile was on the day she allegedly rented it," and there was no evidence "that she ever had possession after that moment at which time she had a right to possession."

■ Defendant has misconstrued the offense with which she was charged. Stealing by means of deceit within the meaning of Section 560.156 includes the obtaining of possession of the supposedly rented article with the then intention to convert it to her own use and deprive the owner of it. See State v. Mace, Mo., 429 S.W.2d 734, 737–738. If the jury found that possession was obtained by deceit with the then intention to convert it to her own use and deprive the owner of it, defendant never had lawful possession even though she paid a rental fee.

■ Intent is a state of mind, and is rarely, if ever, susceptible of direct proof. State v. Mace, supra at p. 737. It is a fact to be inferred from the existence of other facts. State v. Chevlin, Mo., 284 S.W.2d 563, 566. The facts in this case, if found

by the jury, that defendant used false identification and made false representations to obtain the automobile, and did not return it at the specified time, clearly authorized an inference by the jury that defendant obtained the automobile with the intent to convert it to her own use and deprive the owner of it. Compare the facts and the conclusion reached in State v. Mace, supra.

■ Defendant next contends that the court erred in giving Instruction 1, the verdict directing instruction, because there was no substantive evidence that (1) defendant had wrongful possession "subsequent to the time for which she paid," or (2) that the agent for Francis Auto Rental "relied on the alleged misrepresentations by the defendant."

Instruction 1 submitted that defendant "did unlawfully and feloniously take, steal and carry away" from the possession of Francis Auto Rental the Impala Chevrolet "with the intent at that time * * * unlawfully and feloniously to convert the same to her own use and to deprive the owner of the use of said automobile permanently by means of certain false pretenses and deceit, to-wit: * * *." This was a correct submission under the theory of the state, and it was supported by the evidence. As previously noted, defendant wrongfully assumes that her wrongful possession could not begin until after the time expired "for which she paid." There is no merit to the first challenge to the instruction.

As to the second challenge to the instruction, defendant argues that the agent of Francis Auto Rental testified that "if an applicant" to rent an automobile "has identification" his company will automatically rent the automobile, and for this reason reliance was not placed "on the validity of the identification but merely on identification alone." First, this is not the testimony. Mr. Forck testified that "If they have the *proper* identification, credit cards and so on, we automatically let them have a car." Second, even if the testimony

were exactly as expressed by defendant, false or forged identifying material is not an identification of the person presenting it. The evidence authorized a finding by the jury that the agent of Francis Auto Rental did rely on the false identification presented, and that defendant obtained possession of the automobile by deceit.

■ The last contention of defendant is that the trial court erred in refusing to declare a mistrial when Police Sergeant Morrisey testified that when he arrested Michael Sewell he asked him "where he got the automobile" and he "stated he borrowed the automobile from Pat Mistakis." Following a discussion between court and counsel out of the hearing of the jury, the court overruled the request for a mistrial and instructed the jury to "disregard the answer to the last query and dismiss it from your mind as being hearsay and objectionable."

■ Every error which might occur in the trial of a case does not necessarily require the granting of a mistrial. State v. Camper, Mo., 391 S.W.2d 926. The declaration of a mistrial is a drastic remedy, and the power of a trial court in this respect "should be exercised only in extraordinary circumstances," State v. James, Mo., 347 S.W.2d 211, which is another way of saying that "a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way." State v. Camper, supra; State v. Smith, Mo., 431 S.W.2d 74, 83. Necessarily, the trial court is vested with broad discretion in determining whether a mistrial should be declared, and we reverse for error in such instances only where we can find that the court has abused its discretion. State v. Crawford, Mo., 416 S.W.2d 178, 187. In this case the trial court instructed the jury to disregard the answer. It was in better position than this court to determine whether the answer was such that the prejudice, if any, could be removed only by granting a mistrial. The court determined then, and again in ruling

on the motion for new trial, that its instruction to the jury was sufficient under the circumstances. We cannot find an abuse of discretion in this determination.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.