STATE of Missouri, Respondent,

v.

James Lee SCARLETT, Appellant.

No. 57116.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John J. Cosgrove, Kansas City, of counsel.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment and sentence to five years' imprisonment, imposed under Second Offender Act, upon jury verdict of guilt on charge of possession of narcotic drugs.

At around 12:30 P.M., October 9, 1970, two Kansas City police officers knocked at the door of the residence of Carol Scogin in Kansas City. The officers were looking for Clyde Burkhart for whom a warrant had been issued on a burglary charge. Mrs. Scogin opened the door and asked the officers to enter. As they did so, they saw James Scarlett on the other side of the living room, near a hallway. As the officers entered, they saw Scarlett drop a woman's hand or cosmetic bag in the floor of the hallway. He then ran down the hallway into a bedroom. The officers knew that Scarlett was wanted as escapee from the Municipal Farm. They followed him down the hall into a bedroom and found him in a closet. He was placed under arrest as a fugitive from the Municipal Farm. When the officers went back up the hall, they picked up the bag which Scarlett had dropped and opened it and found four bottles in the bag. Laboratory analysis showed that one of the bottles contained demerol. Scarlett was charged with possession of demerol, a synthetic narcotic drug.

Mrs. Scogin testified for the defendant at his trial that the police officers entered her house over her objection, that the defendant was in a bedroom when the police entered, that the police searched the house and found the bag and its contents behind the dresser in the bedroom where Scarlett was in the closet.

Appellant here contends that the state failed to make a submissible case because it failed to prove that the appellant was "aware of the presence and character of the particular substance he was charged with possessing, or that defendant was intentionally and consciously in possession of said substance." He points to the fact that the demerol was found in a closed woman's purse or bag, connected with defendant only by the testimony that he had it in his hands when the police entered; that the bag was closed and that fingerprint examination of the bottle which contained the demerol revealed no fingerprints of the defendant. He asserts that there was no evidence that he was aware of the contents of the bag and that he made no admission of any such knowledge.

The state contends that the evidence of the action of the appellant in dropping the bag when the police entered, in fleeing, and in attempting to conceal himself is sufficient to permit the jury to infer that appellant was aware of the contents of the bag.

█ In State v. Burns, Mo.Sup., 457 S. W.2d 721, this court held that possession of a narcotic drug, to be violation of § 195.020, RSMo 1969, V.A.M.S., as it stood at the time of the offense and trial in this case, required a "conscious possession of the particular substance * * *." 457 S.W.2d 725. Such knowledge is rarely directly demonstrated in a case such as this. The proof is ordinarily supplied by the circumstances of the defendant's possession of the prohibited substance. The evidence of defendant's actions in this case, when confronted by the police, is substantial evidence from which the requisite knowledge might be inferred by the jury. State v. Virdure, Mo.Sup., 371 S.W.2d 196, 201; People v. Pigrenet, 26 Ill.2d 224, 186 N.E. 2d 306, 308. The determination of the issue was for the jury under the evidence and this court will not reject the answer which the jury verdict gave. United States v. Guzman, 9th Cir., 446 F.2d 1137,

1139, cert. den. 404 U.S. 1022, 92 S.Ct. 697, 30 L.Ed.2d 672.

■ The objection that the instruction failed to require a finding of knowledge is without merit. Contrary to the situation in the Burns case, supra, relied upon by appellant, the principal instruction required the jury to find that the defendant "* * * knowingly, unlawfully and feloniously ha[d] in his possession [the] certain narcotic drug * * *." The objection that the evidence did not support the giving of such instruction is answered above.

That the state failed to produce evidence that demerol was on the narcotic drug list filed by the Division of Health in accordance with Chapter 195 of the Revised Statutes of Missouri is no basis for error in this case. This case was tried under Chapter 195 as it stood prior to the 1971 amendment (Laws of Mo.1971, H.B. 69). Section 195.020 prohibited the possession of narcotic drugs. Section 195.010(17) defined "narcotic drugs." The list of drugs required to be filed by the Division of Health was of "barbiturate," "hallucinogenic" or "stimulant" drugs, dealt with in §§ 195.220 to 195.270, RSMo 1969, V.A.M.S. Those were the provisions involved in State v. Bridges, Mo.Sup., 398 S.W.2d 1, relied upon by appellant.

■ Section 195.010(17) defined "narcotic drugs" to include isonipecaine, which in turn is defined by § 195.010(13). Demerol is a trade name for isonipecaine. Blakiston's New Gould Medical Dictionary (2d Ed. 1956). Therefore, the drug here involved was a narcotic drug as defined by statute and listing by the Division of Health was not required.

Appellant contends that the trial court erred in overruling objection to testimony of the police officers that the appellant was "wanted" and was arrested "as being an escapee from the Municipal Farm." Objections by defense counsel to such statements were overruled by the trial court. In this court, appellant argues that the testimony amounted to proof of prior arrests of the defendant without convictions.

■■ That the arrest of the defendant was for an offense other than that with which he is charged and tried is not ordinarily a relevant matter in the trial of the defendant and may, in some circumstances, be prejudicial. See State v. Holbert, Mo. Sup., 416 S.W.2d 129, 133 [8]; State v. Tillman, Mo.Sup., 454 S.W.2d 923. In this case, however, conduct of the defendant upon the appearance of the police officers was a major factor in the proof of the charge for which he was tried. Evidence that he was an escapee from the Municipal Farm had a relevant bearing upon the defendant's conduct and was therefore admissible. Nash v. United States, 8th Cir., 405 F.2d 1047, 1052.

■ The officer who picked up the bag from the floor at the Scogin residence testified that he opened it and discovered the bottle of demerol among other bottles and a pistol in the bag. Objection to testimony regarding the pistol was made immediately by defense counsel. The trial court sustained the objection and instructed the jury to disregard any statement by the witness as to the content of the bag except for the bottle containing the demerol. A request for a mistrial was denied and appellant now assigns that ruling as error. In support of this assignment, appellant relies upon cases in which the admission into evidence and demonstration before the jury of a weapon not involved in the offense on trial was held error. Such cases include State v. Holbert, supra; State v. Smith, 357 Mo. 467, 209 S.W.2d 138; State v. Wynne, 353 Mo. 276, 182 S.W.2d 294; and State v. Merritt, Mo.Sup., 460 S.W.2d 591. That is not the situation here presented. The trial court sustained the defendant's objection and instructed the jury, in effect, to disregard the testimony about the pistol. In these circumstances, the failure to grant the further remedy of mistrial was not error. State v. Edmondson, Mo.Sup., 461 S. W.2d 713, 716–717 [2]; State v. Mistakis, Mo.Sup., 443 S.W.2d 97, 99–100 [4], [5].

In the cross-examination of Mrs. Scogin, the prosecuting attorney asked her whether appellant had been arrested any other time at her residence. The question was objected to before any answer was given and the prosecutor withdrew the question. Defendant's motion for a mistrial was overruled and he now contends that ruling was error. The question here is not the same as that involved in State v. Todd, Mo.Sup., 468 S.W.2d 632, where detailed inquiry by the state on cross-examination of the defendant into his arrest history was held error. Here the objection was made before any answer had been given and the question was then withdrawn. The refusal of a mistrial was not error. State v. Lee, Mo.Sup., 404 S.W.2d 740, 748–749 [16–17]; State v. Davit, 343 Mo. 1151, 125 S.W.2d 47, 54 [15–17].

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.