**STATE of Missouri, Respondent,**

v.

**Gary HOLLAND, Appellant.**

**No. 35931.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 24, 1975.
Application to Transfer Denied
Sept. 8, 1975.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Gary Holland was found guilty by a jury of robbery in the first degree by means of a dangerous and deadly weapon, § 560.135 RSMo 1969, V.A.M.S., and sentenced to the

custody of the Department of Corrections for a term of ten years. We affirm.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find that on April 9, 1973, by means of a dagger shaped letter opener, appellant took money, something less than $10, from the person of Judy Buckman. Michael Fiddelke wrestled with appellant and attempted to capture him but he "started peeling clothing off" and escaped. He was subsequently identified as the robber by both Judy Buckman and Michael Fiddelke in a lineup and at trial.

■ Appellant first contends that the trial court erred in refusing to suppress the testimony of Judy Buckman and Michael Fiddelke that they identified appellant at the lineup because it was conducted at the juvenile detention center while he was still in the custody of the juvenile court.

Appellant argues that the admission of the identification testimony violated the letter and spirit of the juvenile code. However, in *State v. Richardson*, 495 S.W.2d 435 (Mo. banc 1973), and *State v. Thompson*, 502 S.W.2d 359 (Mo.1973), it was expressly held that the results of a lineup involving a juvenile who at the time was in the custody of the juvenile court are admissible in a subsequent trial on a criminal charge. Appellant makes no other challenge to the lineup, and the one made is without merit.

■ Appellant's remaining point in its entirety is that "The trial court erred in permitting the State to impeach its own witness."

■ This "point relied on" is totally inadequate to present anything for appellate review. Under certain circumstances a party, including the State in a criminal case, may impeach its own witness. Wharton's Criminal Evidence, 13 ed. § 455 et seq. Therefore, the mere assertion that impeachment of a witness occurred does not necessarily establish error. Rule 84.04, V.A.M.R., provides that "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why they are claimed to be erroneous,* with citation of authorities thereunder." (Italics added). "The points and authorities in an appellate brief have the definite purpose of isolating and formulating the precise issue to be reviewed and that function, if observed at all, should not be relegated to written argument." *State v. Dennison*, 428 S.W.2d 573 (Mo.1968). See also *Griffith v. State*, 504 S.W.2d 324 (Mo.App.1974); *Anderson v. State*, 493 S.W.2d 681 (Mo.App.1973); and *Kansas City v. Garza*, 493 S.W.2d 659 (Mo. App.1973). There is no attempt by the point to present a federal constitutional issue. See *State v. Reynolds*, 422 S.W.2d 278 (Mo.1967). At most there is a contention that a trial error occurred which would not rise to the dignity of plain error affecting substantial rights within the meaning of Rule 27.20(c).

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.