**STATE of Missouri, Plaintiff-Respondent,**

v.

**Field DAVIS, Defendant-Appellant.**

**No. 36268.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 12, 1975.

Charles D. Kitchin, Thomas J. Prebil, James C. Jones, Walter H. Sheata, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, Brendan Ryan, St. Louis, for plaintiff-respondent.

STEWART, Judge.

Field Davis appeals from a conviction of robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced to ten years imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. A brief statement will suffice. At approximately 1:00 p. m. Dr. Gustav Volmer, a dentist, was about to enter the door of his office at 6600 W. Florrisant Ave. in the City of St. Louis when he was accosted by defendant at gun point. Defendant robbed Dr. Volmer of $48.00. Defendant was apprehended by Police Officer Brown who had heard a radioed description of the robber, and saw defendant running southwardly in the 5600 block of Mimika Ave. Defendant had $48.00 in cash, in the same denominations as taken from Dr. Volmer.

Defendant who took the stand in his defense testified that he had been at the home of Harrell Yeager from 9:00 that morning and was arrested moments after he left Yeager's home. He had "just stepped out the door". He denied that he robbed Dr. Volmer.

Harrell Yeager was not called as a witness.

Defendant's stepfather, a contractor, testified that defendant worked for him and he had paid defendant approximately $50.00 in wages on the night before the robbery.

Defendant's sole contention of error is that the prosecutor was permitted to cross-examine defendant on matters beyond the scope of the direct examination.

§ 546.260, R.S.Mo.1969, provides that a defendant in a criminal case is competent to testify and may at his option testify on his behalf. In doing so he is "liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case". The statute places a limitation upon the extent of cross-examination. However the state is not limited "to an exact duplication of the direct examination". *State v. Huffer,* 424 S.W.2d 776, 781 (Mo.App.1968). Nor is the state "confined to a mere categorical review or reiteration of the matters covered on direct examination but may cross-examine as to 'all matters within the purview of the direct examination' ". *State v. Harvey,* 449 S.W.2d 649, 652 (Mo.1970).

Defendant, in addition to a sweeping denial of the robbery, testified that he was at the home of Harrell Yeager, with Yeager, at the time the crime was committed.

On cross-examination the prosecution elicited the information that defendant and Yeager were still friends; that Yeager still lived on Mimika, and that Yeager was aware of the accusation against defendant.

At the trial defendant objected to the following questions:

"Q. Does he [Yeager] know you are down here today?"

"Q. Have you talked to him since you were arrested?"

"Q. Did you ask Harrell [Yeager] to come down here and testify?"

 There is no authority that renders alibi testimony on the part of defendant immune from the probing search of cross-examination. *State v. Harvey,* supra. See also *State v. Wallace,* 504 S.W.2d 67, 72–73 (Mo.1973). Defendant testified that he was with Harrell Yeager at the time of the commission of the crime. Yeager was the only person who could substantiate defendant's testimony. Defendant introduced the subject of the cross-examination, the questions asked were well within the purview of direct examination and could reasonably have been anticipated by defendant. The sole witness to defendant's alleged alibi could have been produced by voluntary appearance or forced to appear by process. The state had a right to make such inquiry as would cast doubt upon the credibility of defendant's alibi. This it did.

The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.