STATE of Missouri, Respondent,

v.

Dennis KIRKSEY, Appellant.

No. 35852.

Missouri Court of Appeals, St. Louis District, Division 2.

Sept. 30, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Scott A. Raisher, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., for respondent.

David V. Uthoff, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant appeals from his conviction of first degree robbery by means of a dangerous and deadly weapon, a felony under § 560.135, RSMo 1969. The State's evidence was that at gunpoint defendant and two accomplices robbed two telephone company employees of money collected from pay telephones. Both victims identified defendant Kirksey as the man who had produced the gun during the robbery.

Defendant first seeks to invoke the plain error rule, 27.20(c), VAMR, contending the trial court's order to physically restrain him during trial constituted manifest injustice; secondly, defendant contends the trial court committed reversible error by denying his motion for mistrial made in response to the prosecution's cross examination; and last, erred in allowing the prosecution in closing argument to improperly refer to defendant's facial appearance. Finding no reversible error, we affirm.

During the trial part of a bullet was found in defendant's shoe. Upon receiving this information in chambers, the trial court ordered defendant restrained by leg irons for the remainder of the trial. Neither an objection nor motion for a new trial raised this point.

A defendant has the right to appear before the jury free of shackles. *State v. Kring*, 64 Mo. 591 (1877). If, however, defendant's conduct presents a "good reason" (*State v. Rice*, 347 Mo. 812, 149 S.W.2d 347[1, 2] (1941)), or an "exceptional circumstance" (*State v. Boone*, 355 Mo. 550, 196 S.W.2d 794[3] (1946), *State v. McGinnis*, 441 S.W.2d 715[1, 2] (Mo.1969)), the trial court may order defendant shackled to maintain the order of the courtroom. Although the record here shows no verbal or turbulent disruptions by the defendant, the lack of objection to defendant's being restrained upon discovery of the bullet is crucial. To sustain defendant's plain error contention, the restraining of defendant would have to constitute "manifest injustice." Although the trial court's action appears superficially to be excessive, we find no plain error.

Defense counsel failed to make a record showing the trial court's ruling was unreasonable or that defendant was prejudiced. His contention of prejudice does not prove itself and is only an "unsupported assumption." *State v. Kirk,* 510 S.W.2d 196[11, 12] (Mo.App.1974), *Russell v. State,* 494 S.W.2d 30[9, 10] (Mo.1973). *State v. Sallee,* 436 S.W.2d 246[20, 21] (Mo.1969).

Defendant's second contention of error is the denial of his motion for mistrial. On direct examination defendant had testified he had been in Chicago before and after the time of the robbery. The motion for mistrial was made when the prosecutor cross examined defendant about his alibi, asking: "Did you ever tell that to anybody before?" A person under arrest has no duty to speak, nor may the state gain advantage from the accused's silence. *State v. Stuart,* 456 S.W.2d 19[3–6] (Mo.1970). However, defendant testifying in his own behalf "is liable to cross examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case." § 546.260, VAMS. Alibi testimony is not immune from the probing search of cross examination. (See our opinion in *State v. Davis,* Mo., 527 S.W.2d 32, 1975); *State v. Harvey,* 449 S.W.2d 649[2] (Mo. 1970). We find the prosecutor's question, since not directed to defendant's silence but rather to his ability to substantiate his alibi, was within the proper purview of the cross examination. *State v. McKissic,* 358 S.W.2d 1[8] (Mo.1962); *State v. Huffer,* 424 S.W.2d 776[13, 14] (Mo.App.1968). The state has a right to make an inquiry which casts doubt upon the credibility of defendant's alibi. *State v. Davis, supra.*

Defendant's third contention is that the trial court erred in allowing the prosecutor in closing argument to refer to scars on defendant's face. During his closing argument defense counsel said defendant had visible facial scars but that the eye witnesses had not described defendant as being scarred. In response, the circuit attorney argued that defendant was not asked if he had those scars at the time of the robbery. Defense objection to this statement was denied. When the circuit attorney went on to state he could disprove that defendant had scars at the time of the robbery, defense objection was sustained and the jury was instructed to disregard. It is apparent defense counsel first brought up the question of defendant's scars. The circuit attorney's remarks were retaliatory. The defense may not provoke a reply to his own argument and then assert error. *State v. Lorts,* 269 S.W.2d 88[6–9] (Mo.1954), *State v. Tiedt,* 360 Mo. 594, 229 S.W.2d 582[9, 10] (1950). The trial court exercises wide discretion in the control of oral arguments. *State v. Smith,* 431 S.W.2d 74[26, 27] (Mo.1968). If prejudice resulted from the prosecutor's statements it was sufficiently removed by the trial court instructing the jury to disregard.

The judgment is affirmed.

KELLY and STEWART, JJ., concur.