**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gary HOLLAND, Defendant-Appellant.**

**No. 36040.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 25, 1975.

---

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant was convicted of rape (forcible) and sentenced to five years imprisonment. We affirm the judgment.

The issues presented involve testimony concerning a juvenile line-up, questions propounded to defendant on cross-examination, rebuttal testimony, and argument of counsel. Defendant does not question the sufficiency of the evidence to sustain a conviction.

The victim, a young woman, stopped at her office in downtown St. Louis on Sunday, March 25, 1973, to check a computer program she had run earlier in the week. She left the office building alone about 2:30 in the afternoon, went to her automobile, and was just beginning to back out of the lot when she noticed the defendant coming toward her motioning to his wrist as if he wanted to know the time. As the victim rolled her window down to give him the time, the defendant opened the car door and forced his way into the car. The victim noticed that he was holding a nail file in a threatening manner. The defendant ordered her to drive as he directed. Under defendant's orders the car was driven into an area of abandoned buildings and piles of rubble, and was stopped. He then ordered the victim into the back seat and proceeded to rape her. After the completion of the crime defendant got behind the wheel of the car and drove into an area of high rise buildings. He stopped the car near one of the buildings, got out, and ran inside. The building was later identified as 1101 N. 18th Street in the Vaughn Housing Project, where Lawanda Thomas, a girl friend of the defendant, resided. The victim then got behind the wheel and drove away. The victim viewed a line-up at the Juvenile Detention Center on April 11, 1973, and identified Gary Holland as her attacker.

I

The first assignment of error urged by defendant is that "the trial court erred in permitting the State to offer testimony concerning a line-up conducted while defendant was still in the custody of the Juvenile Court." This assignment is without merit. The same contention respecting the same line-up was raised and ruled against defendant in two prior cases involving other crimes committed by defendant. *State v. Holland,* 525 S.W.2d 576, 577[1] (Mo.App. 1975); *State v. Holland,* (Mo.App.St.L.Dist., July 1, 1975).

II

Defendant next contends that the court erred in permitting the Assistant Circuit Attorney to ask defendant on cross-exami-

nation whether his brother Jeffrey was locked up on the day of the rape.

Defendant testified in his own behalf that on the date and at the time the crime was committed he was at the Fox Theater in mid-town St. Louis. He had gone straight from his home to the theater arriving at about 12:30 p. m. He was alone but he was to meet some friends from school. He testified that he and his friends had made the arrangement to meet while at school on Friday. Defendant testified that he did not find his friends. He left the theater around 3:30 p. m., got a sandwich in the immediate area and arrived home about 4:30 p. m. or 5:00 p. m. On cross-examination defendant was asked about the persons who were at his home on that date. He was asked particularly about his brother Jeffrey. Jeffrey was seated in the court room throughout the trial. Defendant testified that Jeffrey was somewhere else on that day. When asked where, he testified that as he was leaving for the movie Jeffrey "was outside, where he was coming home to visit." He then corrected himself and stated that everyone was at home except Jeffrey. The prosecutor pursued the matter and the defendant stated that he had mistaken his brother Eric, who was home, for Jeffrey. Then the following occurred:

"Q. All right. Jeffrey was, in fact, locked up, was he not?

Mr. Bauer: I object, Your Honor. Approach the bench.

Q. (By Mr. Cosentino) Jeffrey was, in fact, locked up, so you couldn't see him on that day?

The Court: Just a moment. Step up."

A colloquy was had between the court and counsel in which defendant objected to the question because it was "irrelevant and immaterial".

During the discussion the court asked "What's the name of the witness that he said was there?" After further discussion the judge said, "Clarify it as to which one he's stating." Finally he said, "Clarify it.

At this time, all answers stand, with the clarification of it. All right."

The cross-examination of the defendant then proceeded. The question to which defendant objected was abandoned and was not answered.

 The defendant asked for no specific relief and the trial court did not rule upon the objection made by defendant. In order to preserve an allegation of error proper objection must be promptly made and there must be an adverse ruling. *State v. Jackson,* 500 S.W.2d 306 (Mo.App.1973). This contention was not preserved for appellate review.

 Even if this were considered, generally error in asking an improper question is not prejudicial where the witness does not answer the question. *State v. Scarlett,* 486 S.W.2d 409, 412[7] (Mo.1972). *Scarlett* is closely akin to this case. There the State in cross-examination of a defense witness asked if the defendant had been arrested at any other time at the witness' residence. Upon objection the question was withdrawn and never answered. No error had been committed.

While the conduct of the prosecution was far from professional, the incident does not rise to the level of plain error.

Defendant cites us to *State v. Aguilar,* 478 S.W.2d 351 (Mo.1972) and *Aguilar v. Swenson,* 351 F.Supp. 907 (W.D.Mo.1972). These cases which involve the same trial are clearly distinguishable from the case at bar. Aguilar and his brother Gilbert had been charged with burglary. In the trial of defendant, his counsel asked a police officer if Aguilar's brother hadn't lost a leg as a result of a shot fired by the officer; and also whether the officer had testified at the trial of defendant's brother. The court after sustaining objections to the questions stated: "I'm sure counsel is aware that the outcome of another trial has no bearing on the issues of this matter." Immediately after that statement counsel said, "Now the

case against Gilbert was dismissed." The court in the sound exercise of its discretion declared a mistrial. This action was sustained by the Missouri Supreme Court and the United States District Court as against the defendant's claim of double jeopardy when he was convicted upon a retrial.

The highly prejudicial effect of placing the outcome of a companion case before the jury is apparent and readily distinguishable from this case.

When we consider that no specific relief was requested, that defendant did not request a ruling, that the question was not answered and that the question was abandoned; we cannot say that the court erred with respect to this incident.

■ In defendant's Points Relied On he also contends that this portion of defendant's cross-examination was beyond the scope of the direct examination. The contention is not argued by defendant and is therefore abandoned. *Kansas City v. Howe,* 416 S.W.2d 683 (Mo.App.1967).

### III

Defendant testified that he could not have been the person who raped the victim. He detailed his movements from a time before the incident began until a time long after the rapist had left the victim at the Vaughn Housing Development. He testified that he had gone from his home which was west of the Fox Theater to the theater on Grand Avenue, arriving at 12:30 p. m. and leaving at 3:30 p. m. Thereafter, he had gotten something to eat in the immediate area, and then had gone straight home, arriving at 4:30 or 5:00 p. m. The effect of this testimony was to deny the testimony of the victim and to present an alibi to refute her testimony. In particular that he had left her at the Vaughn Housing Project.

On cross-examination the defendant testified without objection that he was acquainted with Lawanda Thomas and that he had the initials L.T. followed by a plus sign (+) and the initials G.H. tattooed on his arm. He testified that G.H. meant Gary Holland. When asked if L.T. could mean Lawanda Thomas defendant's objection that it was beyond the scope of the direct examination was overruled. Defendant further testified that Lawanda lived in the Vaughn Projects. Defendant was asked if the Vaughn Projects were at 1101 N. 18th Street. He again objected on the ground that it was beyond the scope of the direct examination and was overruled.

■ Defendant pursues his contention that the cross-examination was beyond the scope of the direct examination. When a defendant testifies, he is subject to cross-examination and the State is not confined to duplication of the direct examination but may cover "all matters within the purview of the direct examination." Nor is alibi testimony immune from the probing search of cross-examination. *State v. Harvey,* 449 S.W.2d 649, 652 (Mo.1970).

■ The defendant's sweeping denials that he had not participated in the crime; that he was at the movies during the time the incident occurred; that he had never seen the victim until the trial began; all amounted to a denial that he had been at the Vaughn Project which is some distance east of Grand Avenue, the locale of the Fox Theater. It was competent for the State to show that defendant had close ties with someone in the area where he might logically seek refuge. The State had a right through this means to cast doubt upon defendant's credibility. *State v. Davis,* 527 S.W.2d 32, 33 (Mo.App.1975).

■ In addition to his contention that the cross-examination was beyond the scope of the direct examination, defendant, for the first time on appeal, seeks to interpose other objections. We do not entertain these because they were not presented to the trial court at the time of the alleged error nor preserved in the motion for new trial. *State v. Woodard,* 499 S.W.2d 553 (Mo.App. 1973); *State v. Voegtlin,* 509 S.W.2d 488, 490[3] (Mo.App.1974).

## IV

The next issue tendered by defendant concerns the rebuttal testimony of George A. Cross, the Assistant Principal of Vashon High School.

The defendant on direct examination testified that he was at the Fox Theater at the time the rape was committed. Defendant's counsel then asked him how he came to go to the Fox Theater on that date. In response the defendant testified that he and a few friends had made plans on "Friday at school" to go to the theater. They were to meet there on Sunday. He went to the theater but he was unable to locate his friends. He further testified that he was in school the week prior to the date of the crime. On cross-examination he reiterated his testimony with respect to his reason for being at the Fox Theater. He testified that he attended Vashon High School.

In rebuttal the State produced Mr. Cross, who testified that Vashon High School had no record of defendant's attendance at the school on the Friday before the crime was committed.

■■■ Defendant contends that this was improper rebuttal because it is an attempt to impeach defendant on a collateral matter. Defendant cites *State v. Hamilton*, 310 S.W.2d 906 (Mo.1958); *State v. Williams*, 492 S.W.2d 1 (Mo.App.1973), and *Switzer v. Switzer*, 373 S.W.2d 930 (Mo. 1964). These cases are illustrative of the principle which defendant sets out in his brief as a direct quote from *Switzer v. Switzer, supra* at page 939:

> "Generally a party is bound by the answer of a witness on collateral matters first brought out on cross-examination."

This is not the case here. Defendant first tendered the issue in his direct testimony to bolster his alibi. The applicable principle is well stated in *State v. Kirk*, 510 S.W.2d 196, 199 (Mo.App.1974), ". . . any competent testimony that tends to counteract or disprove evidence offered by a defendant may be offered in rebuttal of the defendant's testimony or evidence." Defendant evidently overlooked the fact that the issue rebutted by Mr. Cross's testimony was first tendered by the defendant.

■■■ Generally the scope of rebuttal testimony is largely within the discretion of the trial court. *State v. Sawyer*, 365 S.W.2d 487, 490[3] (Mo.1963). We see no prejudice to defendant here and thus no abuse of the court's discretion.

## V

■■■ Neither of the last two contentions contained in defendant's Points Relied On have been properly preserved or presented for our appellate review. They read as follows:

> "The trial court erred in permitting improper statements by the prosecutor on closing argument regarding facts outside the record because this constituted a violation of defendant's constitutional right to confront and cross-examine witnesses pursuant to Article I, Section 18 of the Missouri Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

> "The trial court abused its discretion by denying defendant's motion for mistrial after the assistant circuit attorney, during closing argument made statements to the jury that,
>
> (1) were improper and prejudicial in that they placed upon the defendant the burden of proving that defendant was not present at the time and place of the offense as alleged to have been committed, and
>
> (2) destroyed defendant's presumption of innocence and therefore violated due process of law under the Fourteenth Amendment."

Neither of the points relied on "state briefly and concisely what actions of the trial court are sought to be reviewed" contrary to the mandate of Rule 84.04(d). *State v. Shumate*, 516 S.W.2d 297, 300[7–11] (Mo.App.1974).

We have reviewed the argument of counsel. No constitutional issues were raised at any time by defendant's objections at trial. Nor were any constitutional issues respecting the argument of counsel raised in his motion for new trial. The constitutional issues sought to be raised for the first time on appeal are not now properly before us. *State v. Harms,* 507 S.W.2d 29, 31 (Mo.App.1974).

Finding no prejudicial error we affirm the judgment of the trial court.

CLEMENS, P. J., and KELLY, J., concur.