STATE of Missouri, Respondent,

v.

Andre ROBINSON, Appellant.

No. 42710.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Joseph V. Neill, Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Thomas G. Auffenberg, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury for the offense of robbery in the first degree, § 560.120, RSMo 1969, and sentenced to a term of seven years in the Division of Corrections.[1] Defendant now appeals.

In his first point on appeal, defendant contends that the trial court erred in overruling his objection to remarks made by the prosecuting attorney to the veniremen during voir dire.

We note initially that defendant did not preserve this point for review for two reasons. Defense counsel did not give his reason for objection, stating only "I object"; further, this ground was not presented in defendant's motion for new trial. We have, however, examined this point, and find no error.

The following proceedings form the basis for defendant's complaint:

[Assistant Prosecuting Attorney Moss]: Now, as I indicated, the defendant has no burden of proof but he may choose in this particular case to present some witnesses in his defense. That's up to him or, I should say, it's up to his lawyer.

Therefore, you will have to be people of decision. Some people say to themselves because of some religious belief they have or some conscientious belief or some emotional feelings they have, 'I cannot sit in judgment of my fellow man. I cannot make a decision which will find a man guilty and send him to the penitentiary.' They usually phrase it in those terms. But that's precisely the decision you'll have to make here and somebody is going to say, 'He did it.' Obviously, we wouldn't be here if that wasn't the case and somebody is—

MR. NEILL: Your Honor, I'm going to object to that.

THE COURT: Be overruled.

MR. MOSS: —somebody may say, 'He didn't do it,' say, 'He was some place else.'

That may hurt in this case. Therefore, you'll have a decision to make, whether you believe the person that said, 'He did it,' or the people that say, 'He didn't do it.' Do each and every one of you in this first group of 24 feel capable of making those kinds of decisions? If you don't, now is the time to indicate it.

Defendant contends that these remarks constituted a "directive to convict" defendant, and had the effect of inflaming and prejudicing the venire panel against him.

---

1. Defendant was also charged with, and convicted for, one count of armed criminal action, but the state entered a memorandum of *Nolle Prosequi* on this count before defendant was sentenced.

We cannot agree. From the context of the prosecutor's statements, it would appear that he was inquiring, perhaps inartfully, into any inability of the panel members to reach some "judgment" regarding the relative credibility of witnesses should there be a conflict in the testimony. Further, even had the state been inquiring as to any moral or religious scruples which might have interfered with the panel members' ability to sit and render a judgment on defendant, such an inquiry would have been permissible and would not have constituted an improper attempt to commit the panel "in advance of the evidence." *State v. Wilson,* 554 S.W.2d 511, 513 (Mo.App.1977). *See also, State v. Ward,* 569 S.W.2d 341, 344–45 (Mo.App.1978). The trial court therefore committed no error in overruling defendant's objection.

■ In his second point, defendant contends that the trial court erred in denying his motion for a mistrial because the state had introduced evidence of the commission of separate and distinct crimes. Defendant's claim arises from the following proceedings, which occurred during the state's direct examination of Detective Henderson, one of the arresting police officers:

Q [by Assistant Prosecuting Attorney Moss]: What, first, attracted your attention to Mr. Robinson?

A: We observed the subject walking down the street with an apparent limp. He somewhat favored his right leg.

Q: And were you looking for a person who favored his right leg in connection with *these robberies?*

MR. NEILL: I object.

Q: (by Mr. Moss) Or this robbery, excuse me?

(emphasis added.)

Prior to this question, defense counsel had requested that the state confine its evidence to the robbery for which defendant was being tried, and the court had stated that the prosecutor might use leading questions to so confine the officer's testimony. At the time of the defense objection to the prosecutor's question, however, no ruling was obtained from the court by the defense, nor was any request made to the court for affirmative relief, such as instructing the jury to disregard the question or declaring a mistrial. Only after the next witness had testified did defendant request that a mistrial be declared because of this question.

A situation analogous to the one at hand was presented in *State v. Scarlett,* 486 S.W.2d 409, 412 (Mo.1972), where the prosecutor asked a witness whether defendant had been arrested at any other time. Defendant objected to the question, and the prosecutor withdrew the question before the witness gave an answer; the trial court overruled defendant's motion for a mistrial. *Id.* The Missouri Supreme Court ruled that the refusal of a mistrial was not error. *Id.*

Here, the defense objection was made before an answer was given by the witness, and the prosecuting attorney immediately corrected his question. In light of these facts, and of the failure of the defendant to immediately request a mistrial, we find no abuse of discretion by the court in denying a mistrial.

Judgment affirmed.

CRIST, P.J., and SNYDER, J., concur.