## THE PEOPLE vs. HERRICK.

On an indictment for obtaining by *false pretences* the signature of a party to a promissory note, where the pretence was that the prisoner had money in the hands of a third person absent at the time, *it was held* that it was not material to prove the amount represented to be the identical sum stated in the indictment; that it was enough if it was sufficient to meet the payment of the note which the party was induced to sign.

It is competent to a party whose signature has been fraudulently obtained, to state the reasons why he did not confide in the *personal responsibility* of the accused.

If the accused attempts to show his *ability to pay*, the proof must be limited to the *time* when the signature was obtained.

A *false representation* authorizes the inference of an *intent to defraud*.

It is not necessary to a conviction, that the false pretences should be the *sole inducement* to the signing of the note; if they have a controlling influence in inducing the signature, it is enough, although minor considerations operate upon the mind of the party.

Where a signature to a note has been obtained by false pretences, and the party defrauded has been obliged to pay the note, the indictment may charge the *sum paid* to have been obtained by false pretences, without setting forth the obtaining of the signature.

ELIJAH S. HERRICK was indicted at the *Yates general session,* for obtaining, by *false pretences,* the signature of one *Nathan N. Herrick* to a promissory note, given by the two Herricks to one Burch, for the sum of $85. The indictment contained *three* counts: in the *first* it was alleged that the prisoner pretended to Nathan N. Herrick that he had won a bet of $150, and that that sum and also the further sum of $150, amounting together to $300, were in the hands of one John W. Squire, as holder of the stakes; that Squire was from home, and would not return under three or four days; that, as soon as Squire returned, he could and would obtain the said sum of $300, and would pay and deliver over to Nathan N. Herrick the sum of $85; and that by such false pretences, the prisoner feloniously obtained the signature of Nathan N. Herrick to the note of $85 above described, with intent to defraud him. The count then *negatived* the pretences, by alleging that the *prisoner* had not then and there $150 won upon a bet; that Squire had not in his hands the said

ALBANY,
Oct. 1834.

The People
v.
Herrick.

sum of $300, nor any other sum of money belonging to the prisoner; that the prisoner could not have obtained from Squire, on his return home, the said sum of $300, or any part thereof, upon the account aforesaid, and did not obtain the same or any part thereof, nor did he pay $85 to Nathan N. Herrick, as he had pretended he would do, contrary to the form of the statute, &c. The *second* count charged that the pretence made use of, to obtain the signature of Nathan N. Herrick, was, that he, the prisoner, had $300 belonging to him in the hands of Squire, and *negatived* the pretence. The *third* count charged, that by means of the same pretence set forth in the second count, the prisoner feloniously obtained from Nathan N. Herrick *the sum of* $85, with intent to defraud him. On the trial, Nathan N. Herrick testified that the prisoner applied to him to sign a note as his surety in the purchase of a horse, that he represented to him that he had won a bet of $150, and that the money was in the hands of John W. Squire, who was from home and would not return under four or five days; that if he delayed the purchaser until Squire's return, he feared he would lose the horse, and promised the witness that if he would sign the note, he would pay it in three or four days. The witness testified that, by the representations thus made by the prisoner, he was induced to sign the note, and that when it fell due, he was compelled to pay it, and had not been indemnified by the prisoner. The counsel for the prisoner offered to prove by *this witness* that the prisoner, *about* or *near the time* when the note was signed, was considered responsible; which evidence was objected to and rejected by the court. The witness testified that he did not consider the prisoner responsible *at the time* when the note was given, and was about to assign his reason why he did not so consider him. The counsel for the prisoner objected to his stating the reason of his opinion, but the objection was overruled, and the witness stated them. On the part of the prisoner, several witnesses testified to a relation given by the witness, of the transaction at a time previous to the trial. The counsel for the prisoner insisted that there was a variance between the indictment and the proof; that in the indictment it was alleged that the prisoner and

represented that he had $300 in the hands of Squier, whereas
the proof was that he had represented the sum to be $150;
and they further insisted, that there was no proof to sustain
the third count. The court charged the jury that if they be-
lieved the testimony of Nathan N. Herrick, the indictment was
fully sustained; that if they found the defendant guilty of hav-
ing obtained the signature of the witness by false pretences,
they were authorized to say that it was obtained with the in-
tent to defraud the witness. The court however further charg-
ed that if any cause other than the false pretences proved, op-
erated upon the mind of the witness to sign the note, the de-
fendant must be acquitted. The jury found the prisoner guil-
ty. The prisoner having taken exceptions to the decisions
and charge of the court, the indictment and bill of exceptions
were removed into this court by *certiorari*, sued out by the
district attorney of the county of Yates.

*R. N. Morrison*, for the prisoner.

*S. Stevens*, for the people.

*By the Court*, SAVAGE, Ch. J. The point principally relied
upon on the argument, was the *variance* between the indict-
ment and the proof; in other words, that the offence was not
proved as laid. The indictment charges that the representa-
tion was, that the defendant had $300 deposited with Squier,
whereas the proof is, that the defendant said that he had
$150 deposited. There is no doubt of the general correctness
of the proposition that the facts must be proved substantially
as laid. It must be remembered, however, that the object of
all specifications in indictments is to apprise the defendant of
what he is to meet upon the trial, and that certainty to a com-
mon intent is all that can reasonably be required. The com-
plaint is, that N. N. Herrick was induced, by the false repre-
sentation of the prisoner, to sign a note for $85; and it is
alleged that that representation was, that he had a deposit in
Squier's hands to the amount of $300. The proof is, that he
represented he had a deposit of $150. Now, so far as the mer-

its are concerned, it makes no difference whether he represented he had in Squier's hands $300, or $150—so long as either sum was more than sufficient to meet the payment of the note of $85. Is it possible then that the defendant could be surprised or injured in any way by the allegation in the indictment? particularly when, in negativing the pretences, the pleader says, "whereas, in truth and in fact, the said John W. Squier did not then and there have in his hands the said sum of $300, of and belonging to the said E. S. Herrick, *nor any other sum of money belonging to the said E. S. Herrick.*" The representation was, that he had $150 in the hands of Squier; was not the defendant fairly notified by the indictment to meet the facts as they were proved? If so, there is no reason for a new trial.

2. I cannot perceive any impropriety in hearing from the witness the reasons why he did not rely on the responsibility of the prisoner; they could have no influence, unless to test the truth of the witness. He had sworn that he relied not on the responsibility of the prisoner, but upon the representation that the money was in the hands of Squier, subject to the prisoner's order when Squier should return to his residence. The important facts were, whether a false representation was made, and whether the witness *relying upon that representation* signed the note. If the signature to the note had been obtained by any other means than the false representation, then this offence was not committed. If the witness had relied, not upon the representation of the money in Squier's hands, but upon any thing else, as upon the prisoner's general responsibility, then the defendant was not guilty. The witness had sworn that he did not rely upon the prisoner's responsibility; that proved that part of the case, and giving the reasons why he did not so rely was totally unnecessary, unless called for by the defendant, by way of impeaching the testimony of the witness; but I cannot see that the prisoner was prejudiced by it. These reasons went to confirm the previous statement of the witness, and were certainly not improper, particularly as there was an attempt by the defendant to impeach this witness, *People* v. *Vane*, 12 *Wendell*, 78.

3. The court decided correctly in limiting the inquiry as to the defendant's responsibility to the time of obtaining the signature ; he might have had abundant means shortly before and shortly after the time when he obtained the signature. The object of this evidence could be no other than to create a belief that the witness N. N. Herrick relied upon the prisoner's general responsibility, and not upon the particular fund supposed to be in the hands of Squier. What the circumstances of E. S. Herrick were at any other time than when the representations were made and the signature obtained, were entirely immaterial to the point, and might mislead the jury.

4. The charge of the court was correct, so far as it operated against the defendant. It was true that the testimony of N. N. Herrick sustained the indictment. It was correct also to say that the proof of the false representation was sufficient evidence of a fraudulent intent; the latter was the natural and legal consequence of the former. The intent is inferred from the fact; and if it was possible that there could be a false representation with an innocent intent, the defendant should have shown it. In one particular the court erred, but the error was favorable to the prisoner. The court charged that if there was any other cause operating upon the mind of N. N. Herrick, the defendant should be acquitted. Such a doctrine has prevailed in some criminal courts—that the false pretence proved must have been the sole inducement for parting with property, or in this case for signing the note. That doctrine was fully discussed by Mr. Justice Nelson, in the recent case of *The People* v. *Haynes*, 11 *Wendell*, 557, and considered unsound ; it is enough if the false pretence had a controlling influence in procuring the signature, although minor considerations may have had some effect. The charge was correct as to the third count also, as it appeared that the money had actually been paid by N. N. Herrick. *The People* v. *Stone*, 9 *Wendell*, 182, settles that point.

5. Whether the second count is good or not is totally immaterial, so long as there is one good count in the indictment to which the testimony is applicable. But I see no defect in

the second count; it contains the substance of the offence, and the proof sustains it.

The court are advised to proceed to judgment.