No. 48,641

State of Kansas, *Appellee,* v. William F. Smith, *Appellant.*

(573 P.2d 985)

Opinion filed December 10, 1977.

*Joseph D. Johnson,* assistant public defender, of Topeka, argued the cause and was on the brief for the appellant.

*Donald P. Morrison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: Defendant appeals from a jury conviction for theft (K.S.A. 21-3701).

The state's evidence revealed that defendant went to Noller Leasing Company in Topeka on September 17, 1975, and told the manager that he needed to rent a car because his car had been totaled out in an accident. Defendant told her the car would be

paid for by his insurance company and gave her an address and place of employment, facts later shown to be false. The rental was arranged for one day, but was subsequently extended to September 25. Defendant failed to return the car and on October 10 the rental manager sent defendant a registered letter stating the car would be reported stolen if not returned within seven days. On November 6, defendant called Noller and advised the manager the car was parked in the Country Club Plaza area of Kansas City, Missouri. The car had been driven more than 4,000 miles at the time it was recovered.

Defendant's only complaint on appeal is in regard to the trial court's instruction to the jury on intent to deprive. The instruction, based on K.S.A. 21-3702, stated:

"Prima facie evidence of intent to permanently deprive owner or lessor of possession, use or benefit of property. (1) In any prosecution under this article, the following shall be prima facie evidence of intent to permanently deprive the owner or lessor of property of the possession, use or benefit thereof:

"(a) The giving of a false identification or fictitious name, address or place of employment at the time of obtaining control over the property; or

"(b) The failure of a person who leases or rents personal property to return the same within ten (10) days after the date set forth in the lease or rental agreement for the return of said property, if notice is given to the person renting or leasing said property to return said property within seven (7) days after receipt of said notice, in which case the subsequent return of said property within the seven-day period shall exempt such transaction from consideration as a prima facie evidence as provided in this section.

"(2) The word 'notice' as used herein shall be construed to mean notice in writing and such notice in writing will be presumed to have been given two (2) days following deposit of said notice as registered or certified matter in the United States mail, addressed to such person who has leased or rented said personal property as it appears in the information supplied by him or her at the time of such leasing or renting, or his or her last known address."

Defendant argues the instruction creates an impermissible presumption which denies the jury the right to determine intent and shifts the burden of proof upon defendant. A statutory presumption that proof of one fact shall constitute prima facie evidence of another is rebuttable and governs only the burden of going forward with the evidence, not the ultimate burden of proof. Likewise, the use of a presumption to establish prima facie evidence does not destroy a defendant's presumption of innocence. (*State v. Powell,* 220 Kan. 168, 551 P.2d 902.) In order to clarify these rules an instruction should be given on the meaning of "prima facie" as the trial court did in the instant case.

The rule governing the constitutionality of statutory presumptions was set forth in *State v. Haremza,* 213 Kan. 201, 515 P.2d 1217, where this court stated:

"The general rule universally applied throughout the United States is that a statutory presumption will be upheld as constitutional if, in accordance with the experience of mankind, there is a natural and rational evidentiary relation between the fact proved and the one presumed; if the defendant has more convenient access to evidence relating to the fact to be presumed; and if, by requiring defendant to go forward with evidence to rebut the presumption, he is not thereby being subjected to unfairness or hardship. (Torcia, Wharton's Criminal Evidence, 13th Ed., Vol. 1, § 94.) This court recognized and followed the rule in *State v. Nossaman,* 107 Kan. 715, 193 Pac. 347, where the following language is used in the opinion:

" '. . . It is competent for the legislature to make proof of one fact *prima facie* evidence of another fact essential to the guilt of the accused, where the fact presumed has a fair relation to or some natural connection with the fact to be proven. (*The State v. Sheppard,* 64 Kan. 451, 67 Pac. 870; 12 C.J. 1205.) The term *prima facie* evidence carries the inference that such evidence may be rebutted and overcome, and notwithstanding the rule, an accused has the opportunity to submit his evidence and make a full defense. The verdict must rest upon all the evidence which must establish his guilt beyond a reasonable doubt. . . .' (p. 721.) Comprehensive annotations on this subject may be found in 162 A.L.R. 495, 13 L.Ed.2d 1138, and in 23 L.Ed.2d 812. Numerous examples of statutory presumptions applicable in criminal cases which have been sustained as constitutional are set forth in Torcia, Wharton's Criminal Evidence, 13th Ed., Vol. 1, § 94, pp. 156 through 159. The rule has been applied by the United States Supreme Court in many cases among which are: *Turner v. United States,* 396 U.S. 398, 24 L.Ed.2d 610, 90 S.Ct. 642; *Leary v. United States,* 395 U.S. 6, 23 L.Ed.2d 57, 89 S.Ct. 1532; *United States v. Romano,* 382 U.S. 136, 15 L.Ed.2d 210, 86 S.Ct. 279; *United States v. Gainey,* 380 U.S. 63, 13 L.Ed.2d 658, 85 S.Ct. 754; and *Barnes v. United States,* 410 U.S. 386, 37 L.Ed.2d 380, 93 S.Ct. 2357." (p. 204.)

*Haremza* involved an attack on the presumption of intent to defraud the recipient of a worthless check when it was established (1) that the defendant made or drew a check, (2) that payment for such check was refused by the bank because of insufficient funds, and (3) that the defendant failed to pay the amount due on the check within seven days after a registered letter informed defendant the check had not been paid by the bank. The seven-day notice provision (K.S.A. 21-3707[2]) was held to be constitutional.

Defendant argues *Haremza* is clearly distinguishable from this case. He claims 21-3702 unconstitutionally invades the province of the jury as fact finders, an issue not considered in *Haremza.* We disagree. In *Haremza* this court held that the presumption did not

infringe on the right of the jury to decide the case according to the facts proven.

In support of his position defendant cites the cases of *Dedrick v. State*, 210 Ind. 259, 2 N.E.2d 409 (1936), and *Jacobs v. State*, 210 Ind. 107, 1 N.E.2d 452 (1936). We find both cases distinguishable as they involved irrebuttable presumptions which required a jury to return a guilty verdict once a set of facts had been established. The statute under consideration here has no such effect.

K.S.A. 21-3702(2) provides that failure to return property within seven days of receiving a registered letter giving notice that said property has not been returned within ten days of the time required by the lease or rental agreement shall be prima facie evidence of an intent to permanently deprive the owner of the possession, use or benefit of said property. The statute creates a presumption similar in nature to that created by K.S.A. 21-3707(2), which was upheld in *Haremza.* We find that in both cases there is a natural and rational evidentiary relationship between the fact proved and the fact presumed.

Similarly, K.S.A. 21-3702(1) creates a prima facie case of an intent to permanently deprive when a false name, address or place of employment is used in order to obtain control over property. In assessing the validity of the presumption, it must be determined whether the presumption is based on factual logic.

In *People v. Herrick,* 13 Wend. 87, 92 (N.Y. 1834), the court stated:

"   .  .  .   It was correct also to say that the proof of the false representation was sufficient evidence of a fraudulent intent; the latter was the natural and legal consequence of the former. The intent is inferred from the fact; and if it was possible that there could be a false representation with an innocent intent, the defendant should have shown it.  .  .  ." (p. 92.)

### 32 Am. Jur. 2d, False Pretenses, § 70, p. 218, states:

"In a prosecution for obtaining property or money by false pretenses, an intent on the part of the accused to defraud must be established. A wide latitude of proof is permitted. And since intent is an internal and invisible act or resolution of the mind and can be ascertained and judged only by external and visible acts, and by the surrounding circumstances of which a person had knowledge when the alleged criminal act was committed, it is held that an intent to defraud may be inferred from the false representations. It has even been said that where property is obtained by an alleged false pretense, the falsity of the representation, if established, will raise a presumption of an intent to defraud. However, the 'presumption' in such a case is not one of law, but one of fact.  .  .  ."

(See also, *Rosengarten v. State,* 171 So. 2d 591 [Fla. App. 1965]; *Benefield v. State,* 151 So. 2d 650 [Fla. App. 1963].)

This court, in *State v. Giddings,* 216 Kan. 14, 531 P.2d 445, cited K.S.A. 21-3702(1), and stated:

"The most incriminating circumstance in the case at hand was that Mrs. Giddings used a fictitious name in signing the check. This was a circumstance from which, in our opinion, the jury was entitled to infer fraudulent intent on her part. . . ." (p. 18.)

(See also, *State v. Taylor,* 212 Kan. 780, 789, 512 P.2d 449; *State v. Shannon,* 194 Kan. 258, 398 P.2d 344, cert. denied 382 U.S. 881, 15 L.Ed.2d 122, 86 S.Ct. 172, reh. denied 382 U.S. 922, 15 L.Ed.2d 238, 86 S.Ct. 298.)

Nearly identical to the case at bar is *State v. Mace,* 429 S.W.2d 734 (Mo. 1968). In examining the sufficiency of the evidence the Missouri court stated:

"We hold that the evidence is sufficient to sustain the conviction. The evidence supports a finding that defendant rented articles of a value in excess of $50 from United Rent-All, promised to return them not more than three days later and failed to do so; that at the time of the rental transaction he gave for identification purposes a false name and a false automobile license number; and, that although the rental contract did not specify in what city the address of 1500 South Broadway was to be found, he intended that United Rent-All understand that the city was Springfield, and he, therefore, gave a false address; that the pipe cutter was found in his possession at the time of his arrest, after he had allegedly put it (and other articles) in the hands of George Hopkins for return to United Rent-All; that it was not until seven days after his arrest that the tape recorder was recovered. From these facts the jury reasonably could have inferred that defendant intended to convert the rented articles to his own use and deprive the owner thereof. The court did not err in overruling his motion for judgment of acquittal. State v. Russell, Mo., 265 S.W.2d 379, 381 [3-5]; State v. Wishom, Mo., 416 S.W.2d 921, 926 [5]." (pp. 737-38.)

Based upon the foregoing discussion we find there is a natural and rational evidentiary relationship between the use of a false name, address or place of employment and the prima facie presumption that a defendant intends to deprive the owner of the possession, use or benefit of the property thereby obtained. It does not shift the burden of proof unjustly upon the defendant as he may come forth and rebut the inference created if he has evidence of an innocent intent.

For the reasons set forth above we hold that K.S.A. 21-3702 is constitutional and valid. The judgment of the trial court is affirmed.