(780 P.2d 1118)

No. 62,338

State of Kansas, *Appellee,* v. Charles A. DeVries, *Appellant.*

610

Opinion filed May 12, 1989.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Mona Furst*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before RULON, P.J., REES and LARSON, JJ.

LARSON, J.: Charles A. DeVries appeals his conviction of felony theft. K.S.A. 21-3701(a).

Dimond Mundy, a salesman at the Davis-Moore Oldsmobile dealership in Wichita, Kansas, testified DeVries and his wife Karen came to the dealership on August 28, 1987, and purchased a 1986 Buick LeSabre for $13,900.

DeVries gave Mundy his telephone number and address and told Mundy that DeVries' mother would send the money to pay for the car.

After a test drive, DeVries was permitted to take the car until the money was received, with the understanding he was to return by 6:00 p.m. that day. DeVries did not return but called Mundy to say the money had not arrived. Mundy gave DeVries permission to drive the car overnight and told him to "come back the next day with the money."

When DeVries did not return with the car, Mundy sent a registered letter to the address DeVries had given demanding immediate return of the car. The address was Karen's daughter's home, where DeVries could not be reached and the letter was returned, unopened, to the sender.

DeVries was charged with one count of felony theft.

Mundy testified that DeVries did not appear to be intoxicated or in any state limiting his ability to understand the agreement and would not have been allowed to drive the car had he been drinking.

DeVries testified he was an alcoholic and prone to blackouts where he is unable to remember events which occur either when sober or drinking; for example, he did not even recall getting married. Although he admitted that all the events could have happened the way Mundy alleged, he could not remember looking at, driving, or anything concerning the car.

After DeVries was found guilty by a jury, the Habitual Criminal Act was invoked and DeVries was sentenced to three to ten years of imprisonment. DeVries appeals.

DeVries raises four issues on appeal: 1) Whether the jury instructions on the presumption of intent shifted the burden of proof to the defendant; 2) whether the jury instruction on the weight and credibility of the testimony violated the defendant's right to due process; 3) whether the jury instruction that loss of memory is not a defense was proper; and, 4) whether the verdict forms provided to the jury were proper.

DeVries' counsel objected at the trial level to each of the jury instructions challenged on appeal except the one stating that "[a] claim of lack of memory is no defense to a crime."

The standard of review for the objected-to jury instruction was stated in *Powers v. Kansas Power & Light Co.*, 234 Kan. 89, 92, 671 P.2d 491 (1983): "If jury instructions properly and fairly state the law as applied to the facts in the case when considered as a whole, and if the jury could not reasonably be misled by them,

the instructions should be approved on appeal. [Citations omitted.]"

The scope of review for an unobjected-to jury instruction was stated in *State v. Clements*, 241 Kan. 77, 81, 734 P.2d 1096 (1987):

" 'When an instruction has not been objected to at trial, this court's scope of review is limited to a determination of whether the instruction is clearly erroneous. An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict. [Citation omitted.]' "

*Did the jury instruction on the presumption of intent shift the burden of proof to the defendant and violate his right to due process?*

DeVries first argues that instruction No. 6, making the giving of a fictitious address prima facie evidence of intent to deprive permanently, violated his right to due process. The instruction mirrors the language used in K.S.A. 21-3702(1) as well as a portion of PIK Crim. 2d 54.01-B, but the instruction omits the statement that the presumption may be considered along with other evidence, may be accepted or rejected in determining whether the State has made its burden of proof, and that such burden never shifts to the defendant.

Instruction No. 6 as given by the court states:

"Evidence of Intent to Deprive Permanently

"The giving of a false identification, fictitious name, address or place of employment is prima-facie evidence of intent permanently to deprive the owner of possession, use or benefit of the owner's property.

" 'Prima facie' evidence means, so far as can be judged unless disproved by some evidence to the contrary."

This language differs substantially from PIK Crim. 2d 54.01-B, which reads:

"There is a presumption that a person has an intent to permanently deprive the owner of the possession, use or benefit of the property, where:

"(a) that person gives false identification or fictitious name, address or place of employment at the time of obtaining control over property.

. . . .

"This presumption may be considered by you along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden to prove the required criminal intent of the defendant. This burden never shifts to the defendant."

Defense counsel specifically objected to the given instruction,

arguing it shifted the burden of proof to the defendant. The trial judge answered that he was just following K.S.A. 21-3702.

The State is required by the Due Process Clause of the Fourteenth Amendment to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which an accused is charged. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Under this principle, evidentiary presumptions cannot be included in the jury instructions if they have the effect of relieving the State of its burden of proof beyond a reasonable doubt of every essential element of a crime. *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed 2d 39, 99 S. Ct. 2450 (1979). In order to decide whether such an instruction is unconstitutional, a court must decide whether the instruction creates a mandatory or rebuttable presumption or merely a permissive inference. *Francis v. Franklin,* 471 U.S. 307, 313-14, 85 L. Ed. 2d 344, 105 S. Ct. 1965 (1985).

A presumption may be either mandatory or rebuttable. A mandatory presumption removes the presumed element from the case once the State has proven the predicate facts giving rise to the presumption. That is, once the State proves certain facts, a jury must infer intent from such facts and the accused cannot rebut the inference. 471 U.S. at 314.

A rebuttable presumption does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element unless the accused persuades the jury otherwise. That is, once the State proves certain facts, the jury must infer intent from those facts, unless the accused proves otherwise. Both types of presumptions are unconstitutional if they relieve the State of its burden of persuasion on an element of an offense or if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. *Francis v. Franklin,* 471 U.S. at 314; *Sandstrom v. Montana,* 442 U.S. at 517-18.

By contrast, an instruction containing a permissive inference does not relieve the State of its burden because it still requires the State to convince the jury that an element, such an intent, should be inferred based on the facts proved. *Francis v. Franklin,* 471 U.S. at 314.

The standard for reviewing an instruction such as the one in the instant case is whether a reasonable juror could have understood the instruction as a "presumption that shifted to the de-

fendant the burden of persuasion on the element of intent once the State had proved the predicate acts." 471 U.S. at 316. If a reasonable juror could have understood the instruction in the present case as shifting the burden of proof on intent to the defendant once the State proved the defendant committed certain voluntary acts, the instruction is unconstitutional. 471 U.S. at 316.

The allegedly unconstitutional instruction must be read and interpreted in light of all of the instructions given, since other instructions might cure the defective language in the instruction. 471 U.S. at 315. General instructions on the presumption of the defendant's innocence or the State's burden of persuasion, however, do not remedy an erroneous instruction containing a conclusive or rebuttable presumption on an essential element. 471 U.S. at 319-20.

The State herein relies on *State v. Smith*, 223 Kan. 192, 573 P.2d 985 (1977), to support its argument that the instruction creates a constitutionally permissible presumption. In *Smith*, the court addressed a jury instruction analogous to the instruction at issue in this case. Smith leased a car and gave the leasing company a fictitious address and place of employment. Smith failed to return the car at the proper time and kept it for over a month longer, which resulted in a charge of theft. The trial court gave an instruction to the jury on intent to deprive, which was based on K.S.A. 21-3702. 223 Kan. at 193.

The defendant in *Smith* argued this instruction shifted the burden of proof upon him. The court disagreed and stated: "A statutory presumption that proof of one fact shall constitute prima facie evidence of another is rebuttable and governs only the burden of going forward with the evidence, not the ultimate burden of proof." 223 Kan. at 193. The court concluded:

"[W]e find there is a natural and rational evidentiary relationship between the use of a false name, address or place of employment and the prima facie presumption that a defendant intends to deprive the owner of the possession, use or benefit of the property thereby obtained. It does not shift the burden of proof unjustly upon the defendant as he may come forth and rebut the inference created if he has the evidence of an innocent intent." 223 Kan. at 196.

The crime charged and the jury instruction in *Smith* are sufficiently similar to the facts here that if we are required to follow *Smith* the conviction must be affirmed. However, we do not believe we are required to do so. *Smith* was decided in 1977,

prior to *Sandstrom v. Montana,* which was decided in 1979, and *Francis v. Franklin,* which was decided in 1985. This court does not have the power to overrule *State v. Smith* (*Stratton v. Garvey Internat'l, Inc.,* 9 Kan. App. 2d 254, Syl. ¶ 6, 676 P.2d 1290 [1984]), however, because of the clear holding of *Sandstrom* and *Francis,* we believe *Smith's* precedential value is limited and its holding would be changed if again considered by the Kansas Supreme Court.

There is no question but the specific argument made on DeVries' behalf is that he lacked the intent to commit felony theft.

The Kansas Supreme Court in *State v. Mason,* 238 Kan. 129, 708 P.2d 963 (1985), addressed a jury instruction regarding intent. In *Mason,* the defendant was charged with murder. The instruction at issue read: " 'There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true.' " 238 Kan. at 134.

After reviewing *Sandstrom, Francis,* and *Wiley v. Rayl,* 767 F.2d 679 (10th Cir. 1985), the court held that the instruction did "not state a mandatory presumption and does not impermissibly shift the burden to the defendant." 238 Kan. at 139. The court first distinguished *Francis* on the basis that, there, intent was the only contested issue at trial. In *Francis,* the defendant admitted he had killed the victim, but asserted he did not have the requisite intent to commit murder. 471 U.S. at 310-11. By contrast, the defendant in *Mason* maintained his innocence and did not contest the intent issue. 238 Kan. at 138. The court also indicated that, unlike *Francis,* the instruction at issue did not suggest to the jury that the defendant must come forward with contrary evidence and rebut the presumption; rather, the instruction in *Mason* directed the jury to weigh *all* the evidence before applying the presumption. 238 Kan. at 138.

In *Wiley v. Rayl,* the Tenth Circuit Court of Appeals reversed a conviction of aggravated kidnapping in which intent was an element of the crime and the challenged and fatal instruction read: " 'There is the presumption that a person intends all of the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true.' " 767 F.2d at 681.

Despite additional instructions stating the jury must assume the defendant's innocence and one of the elements the State must prove is that the defendant possessed the intent to kidnap, Judge Logan, after applying the *Francis* reasoning, ruled that a reasonable juror would have read the instructions as shifting the burden of persuasion. 767 F.2d at 681. Although the *Wiley* decision is not binding on us, it is persuasive.

The trial court herein gave instruction No. 13, which reads as follows:

"Ordinarily, a person intends all of the usual consequences of voluntary acts. This inference may be considered by you, along with all other evidence in this case. You may accept, or reject, it in determining whether the state has met the burden to prove the required criminal intent of the defendant. This burden never shifts to the defendant."

This instruction, specifically authorized under *State v. Acheson*, 3 Kan. App. 2d 705, 601 P.2d 375, *rev. denied* 227 Kan. 927 (1979), has been approved in a long line of Kansas Supreme Court cases, including *State v. Ransom*, 239 Kan. 594, 605-06, 722 P.2d 540 (1986) and *State v. Mason* 238 Kan. 129. However, under the explicit wording of *Francis* that "general instructions as to the prosecution's burden and the defendant's presumption of innocence do not dissipate the error in the challenged portion of the instructions," 471 U.S. at 320, the wording of instruction No. 13 does not cure the deficiencies in instruction No. 6.

*Sandstrom* left open the question of whether the error could ever be harmless, and when the question was later addressed the Supreme Court was evenly split on how to resolve it. See *Connecticut v. Johnson*, 460 U.S. 73, 74 L. Ed. 2d 823, 103 S. Ct., 969 (1983).

" 'In determining that a federal constitutional error constitutes harmless error, a court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such a belief beyond a reasonable doubt. [Citation omitted]' " *State v. Mason*, 238 Kan. at 139.

To apply the Kansas harmless error rule, the testimony at trial must be considered.

At trial, Mundy and DeVries were the only witnesses. The evidence indicated DeVries gave Mundy a fictitious address. DeVries' defense was that he lacked the requisite intent to commit theft. In view of the nature of DeVries' defense, it cannot be said the unconstitutional instruction constituted harmless error.

While we believe that it is possible for a trial court to give an instruction on the statutory presumption on intent to deprive which will pass constitutional muster, we hold the trial court failed to do so in this case.

Although the instruction given follows K.S.A. 21-3702(1)(a) and defines prima facie evidence as *Smith* instructs, it is fatally defective when measured against the clearly stated tests of *Francis.* Had the cautionary wording of PIK Crim. 2d 54.01-B been used, the instruction would have been deemed sufficient and the conviction saved, but for all the reasons herein stated we hold the giving of instruction No. 6 was erroneous and requires reversal and remand for a new trial.

*Did the jury instruction on weight and credibility of testimony violate DeVries' right to due process?*

Over DeVries' counsel's specific objection, the trial court gave instruction No. 12 concerning the credibility of witnesses, which read as follows:

"It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified. You may take into account the ability and opportunity of the witness to observe and know the things about which that witness has testified; i. e., memory, manner and conduct while testifying; any interest the witness may have in the outcome of this trial, and the reasonableness of testimony considered in the light of all evidence in this case."

This instruction represents an expanded version of PIK Crim. 2d 52.09, which states:

"It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified."

PIK Crim. 2d 52.09 has been approved by implication in *State v. Mack,* 228 Kan. 83, 89, 612 P.2d 158 (1980), and *State v. Rhone,* 219 Kan. 542, 548 P.2d 752 (1976).

The last sentence of the instruction given is a close paraphrase of the last sentence of PIK Civ. 52.20. This sentence was dropped from the recommended credibility of witness instruction when the committee on pattern jury instructions of the Kansas Judicial Council revised PIK Civil in 1977.

The previous Supreme Court opinions where the additional wording of this instruction was considered arose out of cases where no objection to the instruction was made at trial. Absent such an objection, an appellate court could only reverse if the

instruction was clearly erroneous. *State v. Clements*, 241 Kan. 77, 81, 734 P.2d 1096 (1987); *State v. Willis*, 240 Kan. 580, 586, 731 P.2d 287 (1987). Because of the specific objection herein, our standard of review in this case is materially different.

Justice McFarland in *Willis* summarized the trend of Kansas decisions when she stated:

"With the exception of PIK Crim. 2d 52.20 relative to eyewitness identification, the trend has been to eliminate instructions which focus on the credibility of certain testimony. See comments following PIK Crim. 2d 52.10 (defendant as a witness); PIK Crim. 2d 52.11 (number of witnesses): PIK Crim. 2d 52.14 (expert witness); PIK Crim 2d 52.15 (impeachment); PIK Crim. 2d 52.17 (confession); and PIK Crim. 2d 52.19 (alibi). Whereas it would certainly have been the better practice to give an instruction along the lines of PIK Crim. 2d 52.09, we cannot conclude the giving of Instruction No. 5 was clearly erroneous." 240 Kan. at 587.

The most recent comment on this issue by the Kansas Supreme Court is found in *State v. Bodtke*, 241 Kan. 96, 100, 734 P.2d 1109 (1987), where once again the instruction was not objected to at the time of trial. In determining the instruction was not clearly erroneous, the Supreme Court stated:

"Defendant's third point on the appeal is that the trial court erred in instructing the jury as to the credibility of witnesses. The instruction given was longer and more detailed than PIK Crim. 2d 52.09, which is customarily given by the trial court in criminal cases. In our judgment, however, the instruction, as given, was not erroneous merely because it addressed the various factors for testing a witness's credibility. The instruction did not focus on or emphasize any particular factor and we do not believe that the jury could have been misled." 241 Kan. at 100.

DeVries contends this instruction unfairly impeached him because, as the sole witness on his own behalf, the jury was told to consider his interest in the trial and directed to the conclusion that he was lying about his intent to avoid criminal penalties. DeVries further contends the instruction was highly inappropriate because it zeroed in on the ability of the witness "to observe and know the things about that which that witness has testified; i.e. memory." DeVries' entire testimony was that he could not remember any of the events because of his alcohol abuse.

Because of the limited testimony and the direct involvement of DeVries' "memory," we believe the additional wording in the instruction as given was inappropriate.

The opportunity to mislead the jury or cause it to become unduly influenced by specific wording in an instruction which it has been told is "the law that applies to this case" compels us to

reach the conclusion that using the additional language objected to by DeVries was erroneous and requires reversal.

*Was the jury instruction that loss of memory is not a defense proper?*

The trial court gave instruction No. 10, which provides: "A claim of lack of memory is no defense to a crime." DeVries contends that this instruction is incorrect because it tells the jury to ignore his testimony. The instruction on loss of memory was not objected to and our standard on review is whether it was clearly erroneous. K.S.A. 22-3414(3).

In 21 Am. Jur. 2d, Criminal Law § 44, p. 164, it is stated:

"[A]mnesia is no defense to a criminal charge, unless it is also shown that the accused, at the time of the allegedly wrongful act, did not know the nature of the act and that the act was wrong. In this respect, the fact that the accused is unable to remember events of the crime is in itself no proof of his mental condition when the offense was committed."

Amnesia may be relevant to the issue of whether an accused is competent to stand trial, but cannot be used as a defense to negate the specific intent of theft.

DeVries also attempts to tie the lack of memory instruction to his voluntary intoxication defense. DeVries claimed his constant intoxication rendered him incapable of forming the requisite intent to commit theft. The trial court properly gave a voluntary intoxication instruction.

In *State v. Bridges*, 12 Ariz. App. 153, 468 P.2d 604 (1970), the defendant claimed excessive intoxication and blackouts causing lack of memory as a defense, but the conviction was upheld with the court holding that amnesia was no defense.

Here, the instruction appears to properly state the law, and is not clearly erroneous.

*Were the verdict forms provided to the jury improper?*

DeVries argues the trial court erred in submitting a verdict form which did not include the lesser included offense of unlawful deprivation of property. The trial court properly instructed the jury that unlawful deprivation of property is a lesser included offense of theft. *State v. Keeler*, 238 Kan. at 365. The jury was provided a separate verdict form which contained the lesser included offense. There is no requirement that one verdict form contain all of the possible results. See *State v. Schaefer*, 190 Kan. 479, 480-81, 375 P.2d 638 (1962). The verdict forms submitted to the jury were proper, although it was not necessary to

give the jury the option of determining whether the value of the property was less than or exceeded $150.00. Value was never an issue. The additional option of finding DeVries guilty of theft of property of a value of less than $150.00 could only have benefited DeVries and would not constitute reversible error.

Reversed and remanded for retrial in accordance with the views of this opinion.