Rodney H. Symmonds Lyon County Attorney Lyon County Courthouse 402 Commercial Street Emporia, Kansas 66801-4000
Dear Mr. Symmonds:
You request our opinion regarding application of the Kansas theft statute (K.S.A. 1993 Supp. 21-3701, as amended by L. 1994, ch. 291, sec. 26) to the breach of, and failure to return property under, a lease-purchase agreement. Specifically your questions and the attending circumstances are as follows:
 "1. Does the failure of a lessee to comply with the provisions of a lease-purchase agreement for the return of personal property constitute a violation of K.S.A. 21-3701?
 "2. Is K.S.A. 21-3702(b) applicable to a lease-purchase agreement?
 ". . . For example, an Emporia merchant enters into a lease-purchase agreement with a consumer. The lessor uses a contract which appears to be in compliance with the Lease-Purchase Agreement Act found at K.S.A. 50-680
et seq. The contract does not have a date certain for return of the property. After entering into such an agreement, there have been several incidents where the consumer has not paid the merchant/lessor under the terms of the contract and has not returned the property."
K.S.A. 1993 Supp. 21-3701, as amended, provides in part:
 "(a) Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:
 "(1) Obtaining or exerting unauthorized control over property;. . . ."
Key definitions of terms used in this provision are found at K.S.A. 1993 Supp. 21-3110. "Owner" is a person who has any interest in property, "property" means anything of value, and "obtains or exerts control" over property "includes but is not limited to, the taking, carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property." K.S.A. 1993 Supp. 21-3110(13), (16) and (12) respectively. To "deprive permanently" is defined as:
 "(a) Take from the owner the possession, use or benefit of his or her property, without an intent to restore the same; or
 "(b) Retain property without intent to restore the same or with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; or
 "(c) Sell, give, pledge or otherwise dispose of any interest in property or subject it to the claim of a person other than the owner." K.S.A. 1993 Supp. 21-3110(6).
While not defined in the statutes, presumably "unauthorized" means "without lawful authority," or without the consent of the owner. See
Wilson, The New Kansas Theft Law, 20 U. Kan. L. Rev. 385, 395 (1972). Prima facie evidence of intent to permanently deprive the owner or lessor of property of the possession, use or benefit thereof may be established by proving that a person who leases or rents personal property has failed to return the property "within 10 days after the date set forth in the lease or rental agreement for the return of the property, if notice [has been] given to the person renting or leasing the property to return the property within seven days after receipt of the notice. . . ." K.S.A.21-3702(1)(b). Return of the property within the seven day period after receipt of sufficient notice exempts the transaction from consideration as prima facie evidence. Id. The prima facie evidence provisions of K.S.A. 21-3702 have been upheld by the Kansas Supreme Court as constitutionally permissible statutory presumptions. State v. Smith,223 Kan. 192 (1977). The court further found that the presumptions are "rebuttable and govern only the burden of going forward with the evidence, not the ultimate burden of proof." Id., syl. para. 1. The presumption in K.S.A. 21-3702(1)(b) has not otherwise been construed in any reported Kansas cases, nor have we located any Illinois cases that appear pertinent. [K.S.A. 21-3701 and 21-3702 were originally patterned after the Illinois statute. K.S.A. 21-3701 (Ensley 1988) Judicial Council comment; Wilson, supra, at 396; 720 I.L.C.S. 5/16-1, 5/16-1.1 (1993).]
Clearly, failure to return property by the date set forth in a rental or lease agreement for return of the property is prima facie evidence of intent to permanently deprive the owner of possession or use of the property if the property is not returned within 7 days of receiving sufficient notice to return. Assuming the other elements of the offense can be established, such conduct may be prosecuted as a theft. Essentially the questions you pose are whether a lease-purchase agreement is a lease or rental agreement for purposes of the statutory presumption and, if not, whether theft may still be charged.
The terms "lease" and "rental agreement" are not defined specifically for purposes of the theft statute. Lease is defined generally as "a contract by which one owning such property grants to another the right to possess, use and enjoy it for specified period of time in exchange for periodic payment of a stipulated price, referred to as rent." Black's Law Dictionary 889 (6th ed. 1990). See K.S.A. 1993 Supp. 84-2a-103(1)(j). Similarly, a rental agreement is a contract to use property in consideration for the payment of rent. See Black's at 1297. A lease-purchase agreement, or lease with option to purchase, is a "lease under which the lessee has the right to purchase the property." Black's at 890. See K.S.A. 1993 Supp. 5068(6). Thus, if the document in question is in fact a lease with option to purchase, and therefore a lease, the provisions of K.S.A. 21-3702 would be applicable and a statutory presumption would be created.
Whether a particular document is a lease with an option to purchase as opposed to an installment sale with a security interest maintained in the property is a question of fact to be determined on a case by case basis. In making this determination, the Kansas Supreme Court has used an "economic realities" test. K-B Trucking Co. v. Riss Intern. Corp.,763 F.2d 1148, 1164 (10th cir. 1985), citing Atlas Industries, Inc. v.National Cash Register Co., 216 Kan. 213 (1975). "One important factor under this approach is whether the lessee at the end of the lease term can exercise the option to purchase for no consideration or for a nominal consideration" indicating it is really a contract for sale. K-B TruckingCo., supra. Other factors to consider include whether the "lessor" is regularly engaged in the business of leasing the type of property involved, whether the parties contemplate return of the property (AtlasIndustries, 216 Kan. at 220), and the existence of provisions for accelerating the remaining balance upon default, or conversely to limit seller/lessor to recovery of rental payments accrued to the time of repossession [Crumley v. Berry, 766 S.W.2d 7, 10 (Ark. 1989)]. The fact that the document does not state a specific date for return of the property may be of little relevance as long as termination provisions are clearly stated and the property is to be returned upon termination. However, because criminal provisions are subject to strict construction in favor of the accused [State v. Palmer, 248 Kan. 681 (1991)], it may be advisable for lessors to provide for a specific date for return. Further, shorter terms are more indicative of lease/rental agreements whereas longer terms are more indicative of installment sale contracts.
Whether breach of a "lease-purchase" agreement that is determined to be an installment sale rather than a true lease with an option to purchase may form the basis for a criminal prosecution will depend entirely on the facts involved. However, it is clear that in the absence of a lease or rental agreement, mere failure to return property within 7 days of receipt of notice to return will not constitute a statutory presumption and intent to permanently deprive must therefore be otherwise proven in order to establish a theft.
In conclusion, the statutory presumption created by K.S.A. 21-3702(1)(b) for proving intent to permanently deprive in a theft prosecution is applicable to a "lease-purchase agreement" if the agreement meets the definition of a true lease with an option to purchase. Whether a particular document evidences a lease with option to purchase or an installment sale with a security interest is a question of fact to be determined on a case-by-case basis.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm